**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BERNARDO MATIAS PEREZ,

    Plaintiff - Appellant,

v.

PAMELA J. BONDI, Attorney General of
the United States, or her successor in
interest, Department of Justice (FBI),

    Defendant - Appellee.

No. 24-2149
(D.C. No. 1:23-CV-00698-DHU-KK)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.

_____

Bernardo Perez appeals a district court's dismissal, under

Fed. R. Civ. P. 12(b)(6), of his Title VII employment discrimination suit against his

former employer, the Federal Bureau of Investigation (FBI).  We exercise jurisdiction

under 28 U.S.C. § 1291, and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Perez worked for the FBI until he retired in 1994.  In the 1980s, he participated as a named plaintiff in a successful employment discrimination class-action suit against the FBI.  *See Perez v. FBI.*, 707 F. Supp. 891 (W.D. Tex. 1988), *supplemented*, 714 F. Supp. 1414 (W.D. Tex. 1989), *aff'd*, 956 F.2d 265 (5th Cir. 1992).  After a trial, the court in that case ordered the FBI to promote Mr. Perez.  *See* 714 F. Supp. at 1433.  Five years after that court order, Mr. Perez retired.

Twenty-six years later, Mr. Perez sought counseling with the FBI's Equal Employment Opportunity (EEO) office.  He alleged that throughout his employment the FBI continued to discriminate against him and that the FBI retaliated against him for participating in the 1988 lawsuit.  He also claimed the FBI did not promote him as high as the district court had ordered in that lawsuit.  His resulting retirement payments were, therefore, lower than they should have been.  After the EEO office issued a notice of his right to do so, Mr. Perez filed a formal complaint outlining these acts of discrimination.  In response to a request for information by an Administrative Judge (AJ) for the Equal Employment Opportunity Commission (EEOC), Mr. Perez asserted his complaint was timely because each retirement payment was a new act of discrimination and retaliation.  The AJ dismissed the complaint as untimely, and the EEOC affirmed the dismissal on administrative appeal.

2

Mr. Perez then filed a complaint against the Attorney General of the United States in the United States District Court for the district of New Mexico. The Attorney General moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing, inter alia, that Mr. Perez's first contact with the EEO counselor was untimely. The district court granted the motion, and this appeal followed.

## DISCUSSION

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]

The district court correctly dismissed the complaint because Mr. Perez did not exhaust his administrative remedies by initiating contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case

---

[1] Mr. Perez cites *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) for the proposition that "[d]ismissal is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Aplt. Opening Br. at 3 (internal quotation marks omitted). But the Supreme Court expressly repudiated this use of *Conley*'s "no set of facts" language in *Twombly*, 550 U.S. at 562-63, concluding "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard," and that it did not describe "the minimum standard of adequate pleading to govern a complaint's survival." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) ("*Twombly* retired the *Conley* no-set-of-facts test . . . .").

of personnel action, within 45 days of the effective date of the action."
29 C.F.R. § 1614.105(a)(1).  Instead, he initiated contact in 2021, approximately
twenty-six years after his employment ended.

On appeal, Mr. Perez argues the district court should have concluded the
doctrine of equitable tolling saved his untimely complaint, *see* Aplt. Opening Br. at
6, 16, 20, 25–26, but he did not argue for equitable tolling before the district court.
Rather, "other than citing to EEOC guidelines that reference equitable tolling," he
"articulate[d] no argument or facts that would warrant equitable tolling, waiver or
estoppel."  Suppl. App. at 79.  "Generally, we do not address arguments raised in the
district court in a perfunctory and underdeveloped manner."  *Valdez v. Macdonald*,
66 F.4th 796, 817 (10th Cir. 2023) (internal quotation marks and brackets omitted).[2]
So Mr. Perez forfeited the equitable tolling argument he now advances, and we will
not address it.

Because Mr. Perez did not timely exhaust his administrative remedies, the
district court correctly dismissed his complaint.  Because we so conclude, we need
not reach the Attorney General's additional arguments for affirmance.

---

[2] Mr. Perez does not invoke or advocate for his equitable tolling issue under this court's plain error rubric, so he has effectively waived it on appeal.  *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1181 (10th Cir. 2023) ("[W]here a litigant forfeited a legal issue in the trial court and, at no point on appeal, invokes and advocates for the issue under our plain error rubric, the litigant effectively waives the issue." (internal quotation marks and brackets omitted)).

4

**CONCLUSION**

We affirm the judgment of the district court.

Entered for the Court

Joel M. Carson III
Circuit Judge